[L. A. No. 8237. In Bank.—December 9, 1924.]

GEORGE A. CARTER et al., Respondents, v. ERNEST B. UTLEY, District Attorney, etc., et al., Appellants.

[1] ALIEN LAND LAW—CROPPING CONTRACT—WHEN VOID.—A contract between a citizen owner of agricultural land and an alien ineligible to citizenship, which denominates the former the em-

———

1. Prohibiting or restricting employment of aliens, note, L. R. A. 1916D, 569. See, also, Cal. Jur. Supp. 42–44.

ployer and the latter the employee and in which it is agreed that the former is the owner of and entitled to the possession of the land and has the right to grow crops thereon, and that the alien owns the tools and equipment required for the preparation of the soil and the planting and cultivating and harvesting of such crops as the owner may designate to be sown or grown on the land, and providing that the alien shall receive from the owner rent for the use of his tools and equipment which are to be used in the production of the crops, the alien being required to furnish all labor necessary for the performance of the contract, it being agreed that he owns no interest in the property or in the crops, that he shall be under the direction of the owner, that if he fails or neglects to perform the services required the owner may employ others therefor and deduct the cost from the alien's compensation, or he may terminate the employment, that the alien is to receive a certain amount per month for his services and the owner to make such cash advancements to him as the former may deem warranted in the production of the crops, the crops after being harvested to be sold by the owner, who is to pay the alien for his services in the production thereof an amount equal to a certain percentage of the highest sale price obtainable, less advances made, is in violation of the Alien Land Law of this state.

[2] ID.—AGRICULTURAL LANDS—USE AND BENEFIT OF.—By the contract involved in this case the ineligible alien would be given the use and benefit of agricultural lands, which right he is not guaranteed by treaty or otherwise; and the contract is more than an arrangement for employment only, and the evident effect cannot be changed by the adoption of names which at best are nothing more than misnomers.

(1) 2 C. J., p. 1050, sec. 11.   (2) 2 C. J., p. 1050, sec. 11.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conklin, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Frank English, Deputy Attorney-General, and Ernest R. Utley, District Attorney, for Appellants.

Harry W. Horton for Respondents.

Albert H. Elliott, *Amicus Curiae.*

SEAWELL, J.—The trial court overruled appellants' general demurrer to the complaint and upon their refusal to answer judgment was entered in favor of respondent. The appeal is from the judgment so entered.

Respondent George A. Carter is a citizen of the United States of America and a resident of Imperial County, this state, and the owner of agricultural lands situate therein. His corespondent, Hakam Singh, also a resident of said Imperial County, is a native of the province of Punjab, India, and respondents admit that he is not eligible to citizenship in the United States of America. The action was brought to enjoin the attorney-general of the state and the district attorney of Imperial County from bringing escheat or forfeiture proceedings against them under the provisions of the Alien Land Law (Stats. 1921, p. lxxxiii) and amendments thereto (Stats. 1923, p. 1020), or from prosecuting them criminally, as threatened by appellants, should they enter into a certain proposed cropping contract providing for the production of crops to be raised by the ineligible alien upon the lands owned by said Carter, which contract they wish to and would execute but are deterred from so doing by said threats of prosecution made by appellants aforesaid.

[1] The main features of said contract will be briefly noticed. By its language the owner, Carter, is denominated employer and the ineligible alien is called the employee. The parties agree that Carter is the owner of and entitled to the possession of said lands and has the right to grow crops thereon. It is recited in the proposed contract that the ineligible alien owns the tools and equipment required for the preparation of the soil and the planting, cultivating, and harvesting of such crops as the land owner may designate to be sown or grown in the soil of said premises. It is provided that the ineligible alien shall receive from the land owner rent for the use of the former's tools and equipment which are to be used in the production of said crops. The ineligible alien is required to furnish all labor necessary for the performance of the terms of the contract. It is the further agreement of the parties that said ineligible alien owns no interest whatsoever in the real property or in the crops and that the relation of employer and employee exists be-

tween the land owner and the ineligible alien. Said alien is to be under the direction of the land owner and if he "shall fail or neglect to properly care for or perform the services required to properly prepare the soil, raise and harvest said crops" the owner may employ other or additional services necessary therefor and any cost so incurred may be deducted from the compensation of said alien or his employment may be terminated at the option of the land owner. Said alien is to receive fifty dollars per month in consideration of his services and the land owner is to make such cash advancements to the alien as the land owner may deem to be warranted in the production of said crops and after the crops are harvested they are to be sold by the land owner, who is to pay to the alien for his services in the production thereof an amount equal to eighty per cent of the highest sale price obtainable, less advances made by the land owner.

There is nothing in the contract in this case, and we have stated all of its important provisions, to exempt it from the rule announced in *Porterfield et al.* v. *Webb et al., ante,* p. 71 [231 Pac. 554].

[2] By the contract the ineligible alien would be given the use and benefit of agricultural lands. He is not guaranteed this right by treaty or otherwise. (*Porterfield et al.* v. *Webb et al.,* 263 U. S. 225 [68 L. Ed. 278, 44 Sup. Ct. Rep. 21].) The contract is ♠ more than an arrangement for employment only. The evident effect of contracts cannot be changed by the adoption of names which at best are nothing more than misnomers.

*Porterfield et al.* v. *Webb et al., supra,* discusses every issue raised in this case and it is, therefore, made the grounds of decision of the instant case.

Judgment reversed.

Myers, C. J., Lennon, J., Shenk, J., Waste, J., Richards, J., and Lawlor, J., concurred.